UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

№ 00-CV-2341 (JFB) (WDW)

---

WALTER IWACHIW,

Plaintiff,

VERSUS

NEW YORK CITY BOARD OF EDUCATION AND J & L INFORMATION SYSTEM (CHATCOM INC.),

Defendants.

---

MEMORANDUM AND ORDER
February 5, 2007

---

JOSEPH F. BIANCO, District Judge:

Defendant Board of Education of the City of New York (the "BOE") filed a motion to dismiss plaintiff's second amended complaint pursuant to Rules 8(a) and 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff Walter Iwachiw ("Iwachiw") filed a cross-motion for default judgment or for leave to file a third amended complaint. For the reasons that follow, plaintiff's motion for default is denied and BOE's motion to dismiss is granted. Plaintiff's motion for leave to amend is also denied. Accordingly, the case is dismissed with prejudice.

I. BACKGROUND

Plaintiff commenced this action *pro se* on April 21, 2000. On July 17, 2000, *pro se* plaintiff requested permission to file an amended complaint. Magistrate Judge Boyle granted plaintiff's request and, on October 2, 2000, plaintiff filed an amended complaint against the BOE, as well as the Board of Cooperative Services Nassau ("Boces Nassau"), the Board of Cooperative Services Eastern Suffolk ("Boces Eastern Suffolk"), the Board of Cooperative Services Western Suffolk ("Boces Western Suffolk"), the Board of Cooperative Services Westchester ("Boces Westchester") (collectively, the "Boces defendants"), Meizner Business Machines ("Meizner"), Microsoft Corporation ("Microsoft") and J&L Information Services

("J & L"). On April 6, 2001, BOE, as well as the Boces defendants, Meizner and Microsoft moved to dismiss the amended complaint. By Memorandum and Order dated March 29, 2002 (hereinafter "March 29, 2002 Order"), the Honorable Arthur D. Spatt granted defendants' motion to dismiss. The Court declined to permit plaintiff the opportunity to file another amended complaint against the Boces defendants, Meizner or Microsoft. (March 29, 2002 Order at 23.) In addition, Judge Spatt ordered that plaintiff must seek leave of the court before filing any actions against those defendants arising out of or relating to the alleged conspiracy to fix bid prices for the sale of computer-related equipment and services to schools and governmental agencies in New York and New Jersey and/or relating to the elimination of the plaintiff as a potential bidder for the sale of equipment and services. (March 29, 2002 Order at 30.) However, "because of the plaintiff's *pro se* status and the fact that a claim could arise out of the non-responsive bidder proceedings, the Court [gave] . . . plaintiff a final chance to file an amended complaint against the Board of Education." (*Id*. at 24.) Accordingly, the Court permitted plaintiff to file a second amended complaint against the BOE, within thirty days of the March 29, 2002 Order.

Plaintiff filed a second amended complaint on May 28, 2002. However, contrary to Judge Spatt's Order, plaintiff did not amend the caption to exclude the defendants who were previously dismissed with prejudice. On March 31, 2006, this case was re-assigned to the undersigned. By Order dated April 27, 2006, the Court requested a status letter. On May 4, 2006, BOE requested an extension of time to answer or respond to the complaint and permission to file a motion to dismiss. By Order dated May 5, 2006, the Court granted the BOE's request. By Order dated June 2, 2006, this Court amended the May 5, 2006 Order to dismiss the claims against the Boces defendants, Meizner and Microsoft pursuant to Judge Spatt's prior Order. By letter dated June 21, 2006, counsel for BOE informed this Court that it had served its motion on plaintiff, but had not received an opposition. (*See* Docket Entry # 88.) On June 21, 2006, plaintiff requested an entry of default against BOE. BOE's fully briefed motion to dismiss, along with a cross-motion by plaintiff for default judgment or to amend the complaint, was filed on July 6, 2006.[1]

The factual background of the case is described in Judge Platt's March 29, 2002 Order. Accordingly, familiarity with these facts is assumed.

II. DISCUSSION

A. Default Motion

Pursuant to Fed. R. Civ. P. 55, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise," default judgment may be entered.[2]

---

[1] BOE requested oral argument on the motions, which was scheduled for February 2, 2007. Plaintiff failed to appear. Accordingly, upon BOE's consent, the Court decides the present motions on the papers submitted.

[2] BOE points out plaintiff's failure to obtain entry of default from the clerk of the court. However, the Court overlooks *pro se* plaintiff's failure to obtain the default judgment prior to making the motion. *See Nationsbank of Florida v. Banco Exterior de Espana*, 867 F. Supp. 167, 174 (S.D.N.Y. 1994) ("Courts generally will excuse the failure of the moving party to obtain entry of

FED. R. CIV. P. 55. Because default judgments are generally disfavored, in addition to the requirements of Rule 55, courts in this circuit examine three principal factors: "(1) whether the default was willful, (2) whether the defendant demonstrates the existence of a meritorious defense, and (3) whether, [denying] the default will cause the nondefaulting party prejudice." *SEC v. McNulty*, 137 F.3d 732, 738 (2d Cir. 1998); *Trustees v. Rumar Typesetting & Design*, No. 05-CV-1455 (FLE), 2006 U.S. Dist. LEXIS 26662, at *4 (S.D.N.Y. May 5, 2006) (same); *cf. Candelaria v. Erickson*, No. 01-CV-8594 (LTS), 2005 U.S. Dist. LEXIS 12840, at *32 (S.D.N.Y. July 27, 2005) (listing the three factors and noting that an opposition to a motion for default judgment is evaluated under the same standard that is used for evaluating motions to set aside an entry of default). "It is well established that default judgments are disfavored. A clear preference exists for cases to be adjudicated on the merits." *Pecarsky v. Galaxiworld.com, Ltd.*, 249 F.3d 167, 174 (2d Cir. 2001). Thus, doubts "should be resolved in favor of the defaulting party." *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993).

Here, the Court finds that the entry of default is not warranted. Though BOE failed to timely answer or otherwise plead, BOE has demonstrated that the failure was not willful or otherwise in bad faith. BOE had previously appeared and defended itself in this action. Upon learning of its oversight, BOE immediately requested an enlargement of time to answer or otherwise respond and permission to file a motion to dismiss, which BOE timely served. Thus, BOE's actions do not demonstrate a willful effort to avoid its obligations. *See, e.g., Enron Oil Corp.*, 10 F.3d at 98 (holding that it was an abuse of discretion to deny defendant's motion to set aside an entry of default, noting that defendant had initially timely filed a motion to dismiss and had made good faith efforts to protect his rights).

The second prong, which examines whether BOE has a meritorious defense, "should be construed generously." *Enron Oil*, 10 F.3d at 96. "'[T]he defense need not be ultimately persuasive at this stage.' A defendant 'must merely make a sufficient showing to justify further briefing and consideration by the district judge.'" *Candelaria*, 2005 U.S. Dist. LEXIS 12840, at *35 (quoting *Gravatt v. City of New York*, No. 97-CV-0354 (RWS), 1997 WL 419955, at *4 (S.D.N.Y. July 28, 1997)). As stated *infra*, BOE has put forth meritorious arguments on why plaintiff's case should be dismissed under Rule 12. Accordingly, BOE has satisfied this prong.

Finally, the Court concludes that plaintiff has not demonstrated prejudice. The Court evaluates any prejudice the plaintiff suffered as a result of BOE's failure to timely answer or otherwise respond. Plaintiff filed the second amended complaint on May 28, 2002. Plaintiff did not file the initial motion for default judgment until June 21, 2006, after having been served with BOE's motion to dismiss. This excessive delay before seeking relief indicates that plaintiff is not prejudiced by any further delay. *Enron*, 10 F.3d at 98 ("The fact that plaintiff waited over a year before seeking such relief strongly suggests that some further delay will not unduly prejudice it."). Further, as stated *infra*, after several attempts, plaintiff has failed to state a cognizable claim; thus, no prejudice has

---

default prior to a motion for default judgment and combine the two steps.").

3

ensued from the unintentional delay in responding to plaintiff's complaint. Accordingly, because each of the above factors weighs in favor of BOE, plaintiff's motion for default judgment is denied.

### B. Fed. R. Civ. P. 8(a)

Federal Rule of Civil Procedure 8(a) requires a plaintiff to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a). "[T]he 'short and plain statement' must provide the defendant with 'fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" *Dura Pharm., Inc. v. Broudo*, 544 U.S. 336, 346 (2005) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "'Fair notice' is 'that which will enable the adverse party to answer and prepare for trial, allow the application of res judicata, and identify the nature of the case so that it may be assigned the proper form of trial.'" *Twombly v. Bell Atl. Corp.*, 425 F.3d 99, 107 (2d Cir. 2005) (quoting *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995)).

The pleading requirements of Rule 8 "are not meant to impose a great burden upon a plaintiff." *Dura Pharm., Inc*. 544 U.S. at 346; *see also Wynder v. McMahon*, 360 F.3d 73, 77 (2d Cir. 2004) (noting that the requirements of Rule 8 are "extremely permissive"). If a complaint fails to comply with Rule 8, the court may "upon motion . . . or upon the court's own initiative . . . order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f); *see also Robert v. DOJ*, No. 05 CV 2543 (NGG), 2005 U.S. Dist. LEXIS 33793, at *13-*14 (S.D.N.Y. Dec. 12, 2005) (granting motion to strike entire complaint and granting plaintiff leave to amend). "Dismissal, however, is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988) (citation omitted).

As Judge Spatt noted with respect to the first amended complaint, the second amended complaint also "is not a model of clarity." (March 29, 2002 Order at 11.) Rather, the one hundred and sixty-seven paragraph complaint lists over fifty causes of action, ranging from discrimination to attempted murder (Sec. Am. Compl. ¶¶ 4, 9.) As best as the Court can determine from a review of the second amended complaint and as Judge Spatt noted with respect to the first amended complaint, it appears that plaintiff is alleging some type of bid-rigging and retaliation conspiracy. In particular, it appears that plaintiff's claims against the BOE relate to the initiation of non-responsive bidder proceedings by the BOE against plaintiff in retaliation for alleged "whistleblowing." Accordingly, defendant's motion pursuant to Rule 8(a) is denied.

### C. Rule 12(b)(6)

In reviewing a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted, the court must accept the factual allegations set forth in the complaint as true, and draw all reasonable inferences in favor of the plaintiff. *See Cleveland v. Caplaw Enterprises*, 4 F.3d 518, 521 (2d Cir. 2006); *Nechis v. Oxford Health Plans, Inc.*, 421 F.3d 96, 100 (2d Cir. 2005). When considering a motion to dismiss a *pro se* complaint "courts must construe the complaint broadly, and interpret it to raise the strongest arguments that it suggests." *Weixel v. Bd. of Educ. of the City of N.Y.*, 287 F.3d 138, 145-46 (2d Cir. 2002) (quoting *Cruz v.*

4

*Gomez*, 202 F.3d 593, 597 (2d Cir. 2000)). "This policy of liberally construing *pro se* submissions is driven by the understanding that '[i]mplicit in the right of self-representation is an obligation on the part of the court to make reasonable allowances to protect *pro se* litigants from inadvertent forfeiture of important rights because of their lack of legal training.'" *Trisetman v. Federal Bureau of Prisons*, 470 F.3d 471, 475 (2d Cir. 2006) (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)). Dismissal is warranted only if it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Weixel*, 287 F.3d at 145 (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). The appropriate inquiry is "not whether a plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims." *Twombly*, 425 F.3d at 106.

With respect to the first amended complaint, Judge Spatt held that plaintiff failed to state a claim upon which relief could be granted against the BOE. Specifically, Judge Spatt held that the "complaint does not make any intelligible allegation of retaliation by the Board of Education for 'whistleblowing'" and that "plaintiff does not allege that the Board of Education entered into an agreement or was a member of the alleged 'conspiracy.'" (March 29, 2002 Order at 18-19.) However, in light of the liberal standard of Rule 15 and plaintiff's *pro se* status, Judge Spatt granted plaintiff a third opportunity to state a claim, noting that the court was "unable to state that it is beyond doubt that plaintiff can prove no set of facts in support of his claim arising out of the non-responsive bidder proceedings that took place in 1998." (*Id.* at 23-24.)

Plaintiff added two new paragraphs in the second amended complaint that reference the BOE. However, plaintiff failed to remedy the problems identified in the first amended complaint. "Even under the lenient standard by which a pro se plaintiff's pleadings are construed, [p]laintiff must allege facts sufficient to show he is entitled to relief." *Bloom v. United States Gov't*, No. 02-CV-2352 (DAB), 2003 U.S. Dist. LEXIS 18087, *16-17 (S.D.N.Y. Oct. 7, 2003); *see also Macon v. United States*, No. 05-CV1621 (PCD), 2006 U.S. Dist. LEXIS 77026 (D. Conn. Oct. 23, 2006) ("Although his Complaint is liberally construed, 'conclusory allegations unsupported by factual assertions fails even the liberal standard of Rule 12(b)(6).'") (quoting *De Jesus v. Sears, Roebuck & Co.*, 87 F.3d 65, 70 (2d Cir. 1996)). Here, plaintiff has failed to satisfy this very basic criteria of pleading. The majority of plaintiff's complaint mirrors the complaint that was previously dismissed. The two new paragraphs that address the BOE contain the same type of conclusory allegations made previously by plaintiff and contained elsewhere in the first amended complaint, which was dismissed.

When the second amended complaint is stripped of the conclusory allegations that are simply repeated from the first amended complaint, plaintiff has only added a few additional conclusory allegations against BOE that in no way correct or address the defects previously identified by Judge Spatt. Specifically, plaintiff now alleges that the BOE "bid awards were controlled by organized crime and state Senator Guy Vella and Vincent Vella received payments for protection services in furtherance of the enterprise for the enrichment of the co-conspirators." (Sec. Am. Compl. ¶ 9.) Plaintiff also states that BOE "representatives

5

participated in the efforts to destroy by extortion, attempted murder, perjury, theft, personal injury, arson and bribery, the assets, credibility and evidence of [plaintiff][,]" and that BOE

> employees were conspiring to eliminate Lotus as the most requested software in favor of Meizner Business machines award for Microsoft new competing products and the secret agreement of Microsoft to funnel money in 1999 to the Republican Party elements for their services by organized crime.

(*Id.*) Plaintiff also makes vague reference to an alleged guilty plea entered into by the BOE food vendors and computer vendors for bid-rigging. (Sec. Am. Compl. ¶ 3.) Having carefully reviewed the second amended complaint in the light most favorable to the *pro se* plaintiff, the Court is unable to identify a potential claim under any federal law from these vague, conclusory, and disjointed allegations. *See Ciambriello v. County of Nassau*, 292 F.3d 307, 325 (2d Cir. 2002) ("'[C]omplaints containing only conclusory, vague, or general allegations that the defendants have engaged in a conspiracy to deprive the plaintiff of his constitutional rights are properly dismissed.'") (quoting *Dwares v. City of New York,* 985 F.2d 94, 100 (2d Cir. 1993)); *Sommer v. Dixon,* 709 F.2d 173, 275 (2d Cir. 1983) ("A complaint containing only conclusory, vague, or general allegations of conspiracy . . . cannot withstand . . . dismiss[al]."); *accord Tapia-Ortiz v. Winter*, 185 F.3d 8, 11 (2d Cir. 1999); *Boddie v. Schieder*, 105 F.3d 857, 862 (2d Cir. 1997); *Ostrer v. Aronwald*, 567 F.2d 551, 553 (2d Cir. 1977).

Accordingly, because plaintiff still fails to allege any discernible facts from which to identify any potential federal claims, the complaint must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).[3]

---

[3] Even if plaintiff could state a valid claim regarding some type of bid-rigging and retaliation by BOE against various companies identified by plaintiff – which is something plaintiff has failed to do – plaintiff would lack standing to assert any such claim. More specifically, plaintiff is the sole party identified as plaintiff in the caption of the second amended complaint, but his second amended complaint, as well as his declaration in opposition to BOE's motion to dismiss, indicates that he is attempting to assert some type of bid-rigging and retaliation cause of action on behalf of "WNI Sales, W N I Sales NYC, World Networks, Earthware Computer Services and the inactive corporation, World Network International Services Inc." (*See* Sec. Am. Compl. ¶ 2; Pl.'s Decl. at 1.) However, plaintiff, as an individual, does not have standing to sue for any such injuries suffered by these corporations, even if a federal cause of action existed. *See Bright View Trading Co. v. Park*, No. 03-CV-2330 (HB), 2004 U.S. Dist. LEXIS 18572, at *13 (S.D.N.Y. Sept. 15, 2004) ("'[T]he fact that a person closely affiliated with a corporation such as a principal shareholder is incidentally injured by an injury to the corporation does not confer on the individual standing to sue on the basis of either that indirect injury or the direct injury to the corporation.'") (quoting *Saxe, Bacon & Bolan, P.C. v. Martindale-Hubbell, Inc.*, 521 F. Supp. 1046, 1048 (S.D.N.Y. 1981)). Furthermore, the law is clear that plaintiff cannot proceed *pro se* on behalf of these corporations. *See Rowland v. California Men's Colony*, 506 U.S. 194, 202 (1993) ("corporation may appear in the federal courts only through licensed counsel"); *accord Jacobs v. Patent Enforcement Fund, Inc.*, 230 F.3d 565, 568 (2d Cir. 2000) ("a corporation cannot generally appear in federal court except through its lawyer"). Accordingly, even assuming some cause of action could be asserted by these corporations against BOE, plaintiff cannot as a

### C. State Claims

To the extent plaintiff again alleges state claims against the BOE, those claims must be dismissed. As Judge Spatt previously held, plaintiff failed to serve a timely notice of claim pursuant to N.Y. Educ. Law § 3813(1), and plaintiff failed to comply with the one year limitation period under N.Y. Educ. Law. § 3813(2-b).[4] Because the limitations period had passed, neither of these defects were capable of being remedied.

### D. Leave to Amend

In granting plaintiff the opportunity to amend his complaint, in the March 2002 Decision, Judge Spatt recognized:

> [T]he Board of Education has endured a degree of undue delay at the hands of the plaintiff. In particular, the plaintiff has essentially filed three separate complaints against the Board of Education in this matter: (1) the state court complaint in March of 1999; (2) the federal court complaint in April of 2000; and (3) the federal court amended complaint in October of 2000.

This Court now adds to that list the legally defective second amended complaint that simply did not address any of the defects that led Judge Spatt to dismiss the first amended complaint. Plaintiff has been given ample opportunity to allege a claim and has failed to do so. Thus, the Court declines to grant plaintiff yet another opportunity. *See De Jesus v. Sears, Roebuck & Co.*, 87 F.3d 65, 72 (2d Cir. 1996) (noting that the Second Circuit has "upheld decisions to dismiss a complaint without leave to replead when a party has been given ample prior opportunity to allege a claim") (citing *Armstrong v. McAlpin*, 699 F.2d 79, 93-94 (2d Cir. 1983) ("Because the complaint whose allegations were being considered by the district court was plaintiffs' second amended complaint, the district court did not abuse its discretion in refusing to give plaintiffs a fourth attempt to plead.")).

Furthermore, "a court may dismiss without leave to amend when . . . the substance of the claim pleaded is frivolous on its face.'" *Bloom*, 2003 U.S. Dist. LEXIS 18087, at *23 (internal citation and quotation omitted). "A claim is frivolous when it is vague and incomprehensible, or when it is supported by baseless factual allegations describing fantastic delusional scenarios." *Id*. (internal citation and quotation omitted). The vague and conclusory nature of the second amended complaint – which simply added new disjointed, baseless allegations, including attempted murder and arson – further supports this Court's denial of plaintiff's request for leave to re-plead under this standard.[5]

---

matter of law bring such action.

[4] The Second Amended Complaint now states that the action was "[r]unning continuously from 1982 to 2002." (Sec. Am. Compl. ¶ 4.) However, there are no allegations to make this action timely under the one year limitations period.

[5] Judge Spatt noted in the March 29, 2002 Order that,

> [s]ince June of 1999, the plaintiff has filed nine separate complaints *pro se* in the United States District Court for the Eastern District of New York. *See Iwachiw v. Gen. Elec. Corp.*, No. 99-3668 (E.D.N.Y. filed June 28, 1999); *Iwachiw v. Bd. of Educ.*, No. 99-6229 (E.D.N.Y. filed Oct. 1, 1999); *Iwachiw v. Boces*

*Nassau*, No. 00-2341 (E.D.N.Y. filed Apr. 21, 2000); *Iwachiw v. New York State Bd. of Elections*, No. 00-5144 (E.D.N.Y. filed Aug. 25, 2000); *Iwachiw v. Bente*, No. 01-1441 (E.D.N.Y. filed Jan. 29, 2001); *Iwachiw v. Gersh*, No. 01-2254 (E.D.N.Y. filed Apr. 9, 2001); *Iwachiw v. New York City Bd. of Elections*, No. 01-4724 (E.D.N.Y. filed July 11, 2001); *Iwachiw v. New York City Bd. of Elections*, No. 01-6290 (E.D.N.Y. filed Sept. 12, 2001); and *Iwachiw v. Massanari*, No. 01-7268 (E.D.N.Y. filed Oct. 24, 2001).

During this time, the plaintiff has also commenced a minimum of four actions in the courts of the State of New York. *See Iwachiw v. Doe*, 96 N.Y.2d 774, 725 N.Y.S.2d 631 (N.Y. 2001); *Iwachiw v. New York State Dep't of Transp.*, 96 N.Y.2d 792, 725 N.Y.S.2d 641 (N.Y. 2001); *Iwachiw v. New York State Bd. of Elections*, 96 N.Y.2d 746, 723 N.Y.S.2d 128 (N.Y. 2001); and *Iwachiw v. Bd. of Elections of Suffolk County*, 265 A.D.2d 590, 703 N.Y.S.2d 400 (N.Y. App. Div. 1999).

(March 29, 2002 Order.) Since Judge Spatt's Order, the Court is aware of three additional cases filed by plaintiff in this district. *See Iwachiw v. N.Y.C. Dep't of Finance*, 02-4766 (E.D.N.Y. filed Aug. 29, 2002); *Iwachiw v. Port Authority of New York and New Jersey*, 02-4772 (Aug. 30, 2002); and *Iwachiw v. N.Y. State Dep't of Motor Vehicles*, 02-6699 (E.D.N.Y. Dec. 16, 2002). Plaintiff's extremely litigious nature also weighs further in favor of denying plaintiff a fourth opportunity to file a complaint in this action. *See Knatz v. Stanton*, No. 84-CV-6250 (WCC), 1986 U.S. Dist. LEXIS 20647, at *4 (S.D.N.Y. 1986) (denying leave to amend where plaintiff was considered "extraordinarily litigious"); *Cf. Brown v. McClellan*, No. 93-CV0901 (JTE), 1996 U.S. Dist. LEXIS 8164, at *1 (W.D.N.Y. Jun. 11, 1996) ("[A]lthough the plaintiff is proceeding *pro se*, his litigious nature weighs somewhat against the leniency normally accorded *pro se* litigants.").

Accordingly, plaintiff's motion for leave to file a third amended complaint is denied.

### III. CONCLUSION

For the foregoing reasons, plaintiff's complaint is dismissed with prejudice.[6] The Clerk of the Court shall enter judgment accordingly and close this case.

SO ORDERED.

_____
JOSEPH F. BIANCO
United States District Judge

Dated: February 5, 2007
Central Islip, New York

\* \* \*

Plaintiff Walter N. Iwachiw appears *pro se*. Attorney for defendant is Michael A. Cardozo, Corporation Counsel of the City of New York by Carl J. Hsu, Esq., 100 Church Street, New York, NY 10007.

---

[6] The only remaining defendant in the case is J & L. However, no attorney has ever appeared on that company's behalf in this action and, after plaintiff voluntarily amended his original complaint, there is no indication on the docket sheet that plaintiff properly served the first or the second amended complaint on J & L. The lack of service is further supported by the fact that, although plaintiff moved for a default judgment against BOE on the second amended complaint, plaintiff never made any such motion against J & L, despite its failure to answer or appear. In addition, plaintiff specifically omitted J & L from the caption of his motion papers. The second amended complaint was filed over four years ago in May 2002 and, thus, the time for service has expired under Fed. R. Civ. P. 4(m). Given the lack of proof of service, the Court dismisses the case against J & L because it lacks jurisdiction.